# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANNY RAY REISMAN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 18-034-RAW-KEW ) |
| **JOE M. ALLBAUGH, Warden,** | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction and sentence in Carter County District Court Case No. CF-2012-25 for First Degree Rape.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on April 3, 2014, Petitioner's judgment and sentence was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on direct appeal in *Reisman v. State*, No. F-2013-243 (Okla. Crim. App. Apr. 3, 2014) (Dkt. 9-5). His conviction became final 90 days later on July 2, 2014. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year for filing a habeas petition began the next day on July 3, 2014. Without the benefit of statutory tolling, the one-year limitation period would have expired on July 3, 2015. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. On May 15, 2015, with 49 days left in the one-year limitation period, Petitioner filed a post-conviction application in the trial court, challenging his conviction (Dkt. 9-6). The application was denied on January 22, 2016

(Dkt. 9-7).

On February 2, 2016, Petitioner attempted to appeal the denial of post-conviction relief to the OCCA, but his notice of intent to appeal was filed in the trial court one day too late (Dkt. 9-8). On February 22, 2016, he sought permission from the trial court to initiate an appeal out of time (Dkt. 9-9). On October 18, 2016, the trial court found Petitioner's filing was untimely through no fault of his own and recommended to the OCCA that Petitioner be granted an appeal out of time of the denial of post-conviction relief (Dkt. 9-10).[1]

On November 4, 2016, Petitioner filed in the OCCA a "Petition for Appeal Out of Time" in Case No. PC-2016-1012 (Dkt. 9-15), and on December 14, 2016, the OCCA granted Petitioner the opportunity to file an appeal out of time (Dkt. 16 at 2). The OCCA instructed Petitioner to "lodge the appeal" of the trial court's order denying him post-conviction relief in accordance with the applicable OCCA rules within thirty (30) days of December 14, 2016--or no later than January 13, 2017. *Id*. Petitioner was expressly advised that he was required to include a certified copy of the district court's order denying

---

[1] In an attempt to speed the trial court's decision on whether to grant him an appeal out of time in his post-conviction proceedings, Petitioner sought writs of mandamus in the OCCA in Case Nos. MA-2016-592 and MA-2016-846 on July 6, 2016, and September 19, 2016, respectively (Dkts. 9-11, 9-12). Because he failed to properly serve the adverse party, however, on July 27, 2016, the OCCA declined jurisdiction in Case No. MA-2016-592 and dismissed the case (Dkt. 9-13 at 2). On November 10, 2016, the OCCA dismissed Petitioner's request for writ in Case No. MA-2016-846 as moot following the trial court's October 18, 2016, recommendation that Petitioner be afforded an appeal out of time of his denial of post-conviction relief (Dkt 9-14 at 2). These proceeding had no effect on the deadline for federal habeas corpus filing.

3

him post-conviction relief as part of his appeal. *Id*. The OCCA issued its mandate, as no further action was necessary. *Id.*

Based on the above dates, the AEDPA limitation period was tolled for the time between May 15, 2015 (the date Petitioner first initiated post-conviction proceedings in the trial court 49 days prior to expiration of the AEDPA statute of limitations), and January 13, 2017 (the last day Petitioner could properly file an appeal in the OCCA of the trial court's denial of post-conviction relief pursuant to the OCCA's order).[2] Thus, the statute of limitations began running again on January 14, 2017. Because Petitioner already had exhausted all but 49 days of his statutory year, he had an additional 49 days until March 3, 2017, to file a petition in this Court, unless he could demonstrate another statutory or equitable tolling event that would have further extended the filing date.

On November 17, 2017, after expiration of the limitation period, Petitioner filed another "petition" in the OCCA, requesting a post-conviction "appeal out of time" in Case No. PC-2017-1174 (Dkt. 9-17). He attached to the pleading the OCCA's December 14, 2016, order that had granted him permission to file a post-conviction appeal out of time and had instructed him to do so according to all OCCA rules, specifically requiring him to

---

[2] Respondent contends it is debatable whether Petitioner's time should be tolled during the period between February 2, 2016 (the filing of his notice of intent to appeal his post-conviction application) and February 22, 2016 (the filing of his initial "Application for Post-Conviction Relief," later construed by the trial court to be a request for an appeal out of time). Petitioner does not account for the 20-day period between these filings. Even assuming for purposes of statutory tolling that the time was tolled during this period, the petition still is not timely. Respondent also asserts Petitioner's unexplained delay also weighs against his plea for equitable tolling.

file his appeal within 30 days and to attach a certified copy of the trial court's order denying post-conviction relief. *Id.* at 15. On December 4, 2017, the OCCA issued an Order Declining Jurisdiction in Case No. PC-2017-1174 (Dkt. 9-18 at 3). The Order stated that "Petitioner's pleading requesting post-conviction relief does not contain a copy of the trial court order or records sufficient to prove he was denied post-conviction relief in the District Court." *Id*. The AEDPA provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). "A state postconviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading." *Robinson v. Golder*, 443 F.3d at 720 (citing *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000)); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Whether an application for state post-conviction relief is "properly filed" is determined by state procedural law. *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

Petitioner never properly filed an appeal to the OCCA of the trial court's post-conviction ruling. He requested an appeal out-of-time of the trial court's denial of his post-conviction application, and that request was eventually granted by the OCCA on December 14, 2016 (Dkt. 9-16 at 2). The OCCA instructed Petitioner to file his out-of-time appeal within thirty (30) days, or by January 13, 2017, which Petitioner did not do. When Petitioner eventually filed another appeal of the trial court's order, he did so

5

improperly by not including, among other things, a certified copy of the trial court's order. Thus, the OCCA declined jurisdiction over the appeal and dismissed it (Dkt. 9-17, 9-18). Petitioner's subsequent attempt on November 17, 2017, to appeal the trial court's order did not serve to toll the statute of limitations, because it was not properly filed according to state law. 28 U.S.C. § 2244(d)(2); *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016); *Robinson*, 443 F.3d at 720.

For the reasons set forth above, the Court finds the statute of limitations expired on March 3, 2017. The record shows the habeas corpus petition was filed in this Court on January 26, 2018. Petitioner's declaration in the petition states it was placed in the prison mail system on January 17, 2018 (Dkt. 1 at 13). Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), the earlier date is the filing date. Using this earlier date, however, does not make the petition timely, because it was filed 320 days after the March 3, 2017, expiration of the statute of limitations.

Petitioner argues in his response to the motion to dismiss that the limitation period should be equitably tolled, because he is ignorant of the law, he had no funds to hire a post-conviction attorney, and he had limited access to the inadequate prison law library (Dkt. 10). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). A habeas petitioner bears a "'strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang*, 525 F.3d at 928).

Petitioner claims that following his direct appeal, he "took the time to gather up the necessary information and documents, and for several months [his] family searched for an attorney to represent [him]" (Dkt. 10 at 1). He eventually realized he would have to proceed pro se and began to educate himself on the law. He, however, waited for most of the one-year limitation period before taking any action to collaterally attack his conviction. While he focuses on what occurred after he filed a postconviction application 49 days before the expiration of the statute of limitations, he fails to adequately address why he took so long to commence post-conviction proceedings in the trial court.

Petitioner also blames the trial court for his delay, because it failed to timely send him its January 28, 2016, order denying post-conviction relief, resulting in his untimely notice of intent to appeal. As discussed above, however, this problem was remedied by the OCCA's granting him leave to file a post-conviction appeal out of time. The time involved in receiving permission for the out-of-time appeal was tolled in the calculation of the statute of limitations, so he suffered no harm from the delay. Petitioner's complaint that he received incorrect information from a prison law clerk concerning his post-conviction appeal also is insufficient to affect the limitation period. After careful review,

the Court finds these circumstances are not extraordinary, and he has failed to demonstrate his diligence.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 14th day of March 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma